UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

----------------------------------------------------------X    <u>NOT FOR PUBLICATION</u>

MARIE SEVILLA,

                            Plaintiff,    <u>MEMORANDUM</u>
<u>AND ORDER</u>
       -against-    15-CV-3528 (KAM) (LB)

Family Court Richmond County Judge ARNOLD
LIM, A.C.S. KRISTINA PEREZ CSW and
MARLENA ARRIZO, Supvr, NYC Commissioner
of A.C.S. GLADYS CARRION (present post) and
former NYC ACS Commissioner RONALD RICHTER,
MICHAEL CARDOZO, former Corporation Council
for ACS, Children's Aid Foster Agency Director BOB
SLOAN and Supervisor DIEDRE SOMMER, Rosin
Steinhagen and Mendel, legal counsel for Children's
Aid Society,

                           Defendants.

----------------------------------------------------------X

MATSUMOTO, United States District Judge:

         On June 14, 2015, plaintiff Marie Sevilla,[1] appearing *pro se*, filed this action against

defendants alleging that in October 2011 her children were removed from her custody in

violation of her constitutional rights pursuant to 42 U.S.C. § 1983. On July 17, 2014, plaintiff

filed an amended complaint. Plaintiff's application to proceed *in forma pauperis* is granted

pursuant to 28 U.S.C. § 1915, but the court *sua sponte* dismisses plaintiff's claims against

defendants Judge Arnold Lim, Gladys Carrion, Ronald Richter, Michael Cardozo, Bob Sloan,

Deidre Sommer, and Rosin Steinhagen Mendel for the reasons stated below.

<u>Background</u>

---

[1] The court notes that two other plaintiffs, "Anthony Sevilla" and "M.S. (child)," are named in
the body of the amended complaint, but not in the caption. (Am. Compl. at 1.) Plaintiff filed a letter
dated June 18, 2015 stating that she "mistakenly kept [her] two sons as a plaintiff in the Part I Section
under 'Parties.'" (ECF No. 6 at 1.) Consequently, the court construes this action as filed solely by
Marie Sevilla and shall not consider any claims as brought by the children listed in the body of the
amended complaint.

Plaintiff alleges that "Kristina Perez and her supervisor [Marlena Arrizo]," employed by the New York City Administration for Children's Services ("ACS") , "effectuated an unlawful removal of [her] children from their office on October 7, 2011 . . . ." ( Am. Compl. at 2.) Plaintiff further alleges that defendants Perez and Arrizo  caused her trial to be delayed, "committed perjury on the witness stand" and "submitted false statements . . . and motions . . . to the family court."  (Id.)  Plaintiff also alleges that Judge Arnold Lim who presided over her trial in Richmond County "ruled against [her] on January 14, 2014."  (Id.) at 2-3.  Finally, plaintiff alleges that defendants Bob Sloan, Children's Aid Society and Deidre Sommers failed to "provide the assistance to strengthen [her] family needs" and denied her visits with her children. *Id.* at 4.  Plaintiff seeks $3 million in damages and "federal intervention."  *Id.* at 4-5.

## Standard of Review

A complaint must plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007), and "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).  At the pleading stage of the proceeding, the Court must assume the truth of "all well-pleaded, nonconclusory factual allegations" in the complaint.  Kiobel v. Royal Dutch Petroleum Co., 621 F.3d 111, 123 (2d Cir. 2010) (citing Iqbal, 556 U.S. at 678). Although all allegations contained in the complaint are assumed to be true, this tenet is "inapplicable to legal conclusions."  Iqbal, 556 U.S. at 678.  In addition, a *pro se* complaint is "to be liberally construed," Ahlers v. Rabinowitz, 684 F.3d 53, 60 (2d Cir. 2012), and interpreted "to raise the strongest arguments that they suggest," Graham v. Henderson, 89 F.3d 75, 79 (2d Cir. 1996).

The court should generally not dismiss a *pro se* complaint without granting the plaintiff leave to amend if a valid claim could be stated. See Cuoco v. Moritsugu, 222 F.3d 99, 112 (2d Cir. 2000). Furthermore, pursuant to the Title 28 United States Code § 1915 , the court must dismiss a complaint if it determines that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

## Discussion

A.  Section 1983

Title 42 United States Code § 1983 provides in pertinent part:

> Every person who, under color of any statute, ordinance regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

42 U.S.C. § 1983. This statute "creates no substantive rights; it provides only a procedure for redress for the deprivation of rights established elsewhere." Sykes v. James, 13 F.3d 515, 519 (2d Cir. 1993). In order to maintain a § 1983 action, a plaintiff must show that the defendant (a) acted under color of state law (b) to deprive the plaintiff of a right arising under the Constitution or federal law. Pitchell v. Callan, 13 F.3d 545, 547 (2d Cir. 1984).

B.  Judicial Immunity

Judges have absolute immunity from suit for judicial acts performed in their judicial capacities. Bliven v. Hunt, 579 F.3d 204, 209 (2d Cir. 2009); see also Mireles v. Waco, 502 U.S. 9, 11 (1991) (per curiam) ("judicial immunity is an immunity from suit, not just from the

ultimate assessment of damages.") (citation omitted); Stump v. Sparkman, 435 U.S. 349, 356 (1978).

This absolute "judicial immunity is not overcome by allegations of bad faith or malice," nor can a judge "be deprived of immunity because the action he took was in error . . . or was in excess of his authority." Mireles, 502 U.S. at 11 (quoting Stump, 435 U.S. at 356). The alleged wrongdoing of Judge Arnold Lim of the Richmond County Family Court were acts performed in a judicial capacity as a Family Court Judge, and consequently, plaintiff's claims against this defendant are foreclosed by absolute immunity and are dismissed. 28 U.S.C. § 1915(e)(2)(B)(iii).

C.    Personal Involvement of Certain Supervisor Defendants

Plaintiff names ACS Commissioner Gladys Carrion, former ACS Commissioner Ronald Richter, and former Corporation Counsel Michael Cardozo. As a prerequisite to a damage award under § 1983, a plaintiff must allege the defendant's direct or personal involvement in the alleged constitutional deprivation. "It is well-settled in this Circuit that personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983." Farid v. Ellen, 593 F.3d 233, 249 (2d Cir. 2010) (citing Farrell v. Burke, 449 F.3d 470, 484 (2d Cir. 2006)); Colon v. Coughlin, 58 F.3d 865, 873 (2d Cir. 1995).

To the extent plaintiff names these defendants based on their roles as supervisors, the United States Supreme Court has held that "[b]ecause vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution," and rejected the argument that "a supervisor's mere knowledge of his subordinate's discriminatory purpose amounts to the supervisor's violating the Constitution." Ashcroft v. Iqbal, 556 U.S. 662, 676 (2009).

4

Here, plaintiff fails to make any allegations against defendants Carrion, Richter and Cardozo.  (See generally, Am. Compl.)  Since the claims against these supervisor defendants, as presently stated, can be supported only on the basis of the *respondeat superior* or vicarious liability doctrines, which are not applicable to § 1983 actions, the amended complaint against these defendants must be dismissed.  Ashcroft, 556 U.S. at 676.

D.    Non-State Actors

Plaintiff also names Bob Sloan and Deidre Sommer of the Children's Aid Society and the law firm of Rosin Steinhagen Mendel, "legal counsel for Children's Aid Society."  (Am. Compl. at 1.)  A claim for relief under § 1983 must allege facts showing that the defendant acted under color of a state "statute, ordinance, regulation, custom or usage." 42 U.S.C. § 1983.  Section 1983 "constrains only state conduct, not the 'acts of private persons or entities.'" Hooda v. Brookhaven Nat. Lab., 659 F. Supp. 2d 382, 393 (E.D.N.Y. 2009) (quoting  Rendell-Baker v. Kohn, 457 U.S. 830, 837 (1982)); Moose Lodge No. 107 v. Irvis, 407 U.S. 163, 173 (1972); Adickes v. S.H. Kress & Co., 398 U.S. 144, 152 (1970); see also Am. Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 49-50 (1999).  "Because the United States Constitution regulates only the Government, not private parties, a litigant claiming that his constitutional rights have been violated must first establish that the challenged conduct constitutes state action." Flagg v. Yonkers Sav. & Loan Ass'n, 396 F.3d 178, 186 (2d Cir. 2005) (internal quotation marks omitted).  Plaintiff has failed to state a plausible allegation that defendants Sloan, Sommer or the law firm of Rosin Steinhagen Mendel acted under color of state law for purposes of § 1983.  Neither the law firm or the  employees of The Children's Aid Society, a private, not-for-profit organization, see http://www.childrensaidsociety.org (last visited July 6, 2015), are considered

state actors.  Even according the amended complaint the most liberal reading, the claims against defendants Sloan, Sommer and the law firm of Rosin Steinhagen and Mendel must be dismissed because they fail to state a claim on which relief may be granted.  28 U.S.C. § 1915(e)(2)(B)(ii).

Conclusion

Accordingly, the action, filed *in forma pauperis*, is dismissed against defendants Judge Arnold Lim, Gladys Carrion, Ronald Richter, Michael Cardozo, Bob Sloan, Deidre Sommer, and Rosin Steinhagen Mendel.  28 U.S.C. § 1915(e)(2)(B).

The Clerk of the Court is respectfully requested to issue summonses to defendants Kristina Perez and Marlena Arrizo, and the United States Marshals Service is respectfully directed to serve the Summons and Amended Complaint on those defendants.  The Clerk of the Court is also respectfully requested to serve a copy of this Memorandum and Order on plaintiff.  The court refers this matter to Magistrate Judge Lois Bloom for pretrial supervision.


Dated: July 7, 2015

     Brooklyn, New York


                                      /s/

                                Kiyo A. Matsumoto

                                United States District Judge