UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------X

MARIE SEVILLA,
    Plaintiff

      - against -

A.C.S. KRISTINA PEREZ csw,
and MARLENA ARRIZO SUPVR,

    Defendants.

-----------------------------------X

**MEMORANDUM AND ORDER**

15-CV-3528(KAM)(LB)

**KIYO A. MATSUMOTO, United States District Judge:**

      Plaintiff Marie Sevilla ("plaintiff" or "Ms. Sevilla")
brings this action pursuant to 42 U.S.C. § 1983 seeking damages
against defendants New York City Administration for Children's
Services ("ACS") employees Kristina Perez and Marleny Ariza[1]
("defendants") for alleged violations of her rights under the
First, Fourth, Fifth, Sixth, Ninth and Fourteenth Amendments. The
alleged violations stem from investigations conducted and
proceedings commenced by ACS concerning allegations that plaintiff
neglected her children, the removal of three of plaintiff's
children from her custody on October 7, 2011, and the Family Court
Proceedings that followed.

      Presently before the court are defendants' Motion to
Dismiss the Amended Complaint (the "Motion") pursuant to Fed. R.

---

[1] Ms. Ariza was incorrectly sued as Marlena Arrizo.

Civ. P. 12(b)(1) and 12(b)(6). *See* ECF No. 26. For the reasons stated herein the Motion is granted.

## Background

Plaintiff alleges that ACS employees Kristina Perez ("Ms. Perez") and her supervisor Marleny Ariza ("Ms. Ariza") "effectuated an unlawful removal of [her] children from their office on October 7, 2011 . . . . ." Amended Complaint ("Am. Compl."), ECF No. 4 at 2.[2] Plaintiff also alleges that defendants made unspecified false statements in the petition pursuant to Article 10 of the Family Court Act (the "Article 10 Petition") that was submitted to the Family Court on October 7, 2011. Ms. Perez also allegedly gave false testimony and caused the Family Court Proceedings to be delayed by six months because she failed to appear for certain court dates. *Id.* at 2. Ms. Sevilla further alleges that defendants threatened, harassed, coerced and discriminated against her because they believed that she was mentally ill. Am. Compl., ECF No. 4 at 2, 4. Plaintiff seeks three million dollars in damages for the violation of her constitutional rights. *Id.* at 4-5.

Several court proceedings (collectively, the "Family Court Proceedings") were held on, and after, the October 7, 2011

---

[2] Citations to page numbers refer to the page numbers assigned by the Official Court Electronic Filing System, ECF.

removal of plaintiff's children from Ms. Sevilla's custody (the "Removal"). Exhibits ("Exs.") A-C to Declaration of Elizabeth C. DeGori ("DeGori Decl."), Hearing Transcripts, ECF Nos. 28-1 to 28-3. Ms. Sevilla appeared *pro se* during the Family Court Proceedings after allocuting before the judge and waiving counsel at a hearing on May 9, 2012 during which the judge encouraged plaintiff to allow her court appointed counsel to act as her legal advisor and she agreed. *See* Ex. A to DeGori Decl., Transcript of May 9, 2012 Family Court Hearing ("May 9, 2012 Transcript"), ECF No. 28-1 at 5-7; Ex. D to DeGori Decl., Order of Fact Finding dated 1/14/2013, ECF No. 28-4 at 2. The Family Court, in its January 14, 2013, Order of Fact Finding, found by a preponderance of the credible evidence that, despite Ms. Sevilla's testimony to the contrary, Ms. Sevilla punched child M[3] and failed to provide adequate supervision as to children A[4] and J. The Family Court also found that sufficient facts were presented to sustain the Article 10

---

[3] In order to protect the children's privacy, the parties have identified the children by their first initial.

[4] Child "A," who was five years old at the time of Removal, is referred to as "AL" in the January 14, 2013 Family Court transcript and as "A" in the Family Court decision dated January 14, 2013. *See* Ex. C to DeGori Decl., Transcript of January 14, 2013 Family Court Hearing, ECF No. 28-3; Ex. D to DeGori Decl., Order of Fact Finding dated 1/14/2013, ECF No. 28-4. The Appellate Division Decision dated June 18, 2014, refers to the five year old child as "AL." *See* Ex. E to DeGori Decl., Appellate Division Decision, ECF No. 28-5 at 2. For the sake of consistency with the Family Court, this court refers to the child as "A" throughout this decision.

Petition and determined that children M, A and J were neglected and children An and S were derivatively neglected. *Id.*

Ms. Sevilla appealed the Family Court's ruling to the Supreme Court of New York, Appellate Division (the "Appellate Division"), and on June 18, 2014, the Appellate Division affirmed the Family Court's decision. *See* Ex. E to DeGori Decl., Appellate Division Decision, ECF No. 28-5. The Appellate Division found that the Family Court properly considered the out-of-court statements of siblings A and J to the caseworker, the caseworker's own observations, the two children's cross-corroborating statements, confirmation of certain events by two of the older children and certain statements by Ms. Sevilla. *Id.* at 3. The Appellate Division gave "great deference" to the Family Court's credibility determinations as they related to Ms. Sevilla and held that the Family Court's neglect and derivative neglect findings were supported by the record. *Id.* at 3-4. Ms. Sevilla sought further appeal of the Appellate Court's Decision, but the Court of Appeals denied her request for leave to appeal on September 18, 2014. *See* Ex. F to DeGori Decl., Court of Appeals Decision, ECF No. 28-6.

On June 14, 2015, plaintiff, filed this action *pro se* pursuant to 42 U.S.C. § 1983 against various defendants alleging violations of her rights under the First, Fourth, Sixth, Ninth and

Fourteenth Amendments ("Complaint"). *See* Complaint, ECF No. 1 at 2. On June 17, 2015, plaintiff filed the Amended Complaint. *See* ECF No. 4. On July 7, 2015, the court, *sua sponte*, dismissed plaintiff's claims against defendants Judge Arnold Lim, Gladys Carrion, Ronald Richter, Michael Cardozo, Bob Sloan, Deidre Sommer, and Rosin Steinhagen Mendel. *See* Memorandum and Order, ECF No. 7. On December 18, 2015, the parties submitted their fully briefed motion papers. *See* ECF Nos. 24-33.[5]

## Discussion

### I. Standards of Review

"When a plaintiff is *pro se*, the Court must 'construe [the] complaint liberally and interpret it to raise the strongest arguments that [it] suggest[s].'" *Best v. City of New York*, No. 12 CIV. 7874 RJS SN, 2014 WL 163899, at *6 (S.D.N.Y. Jan. 15, 2014) (quoting *Chavis v. Chappius*, 618 F.3d 162, 170 (2d Cir. 2010)); *see Haines v. Kerner*, 404 U.S. 519, 520–21 (1972). Even with a *pro se* plaintiff, however, "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not

---

[5] Plaintiff also filed a sur-reply on December 28, 2015. *See* ECF No. 34. Ms. Sevilla did not seek leave to file the sur-reply and the court did not grant permission for the filing of a sur-reply; this contravenes the general principle that supplementary filings require leave of the court. *See Endo Pharm. Inc. v. Amneal Pharm., LLC*, No. 12 CIV. 8060 (TPG), 2016 WL 1732751, at *9 (S.D.N.Y. Apr. 29, 2016) (striking sur-reply because party did not seek or receive permission from the court to file a sur-reply). Although, the court need not consider Ms. Sevilla's sur-reply in deciding this Motion, the court has considered plaintiff's sur-reply but finds it does not add to her overall position.

suffice." *Chavis*, 618 F.3d at 170 (citation and internal quotation marks omitted). Therefore, although the court is "obligated to draw the most favorable inferences" that the complaint supports, it "cannot invent factual allegations that [the plaintiff] has not pled." *Id.*

### a. Fed. R. Civ. P. 12(b)(1)

A court cannot adjudicate the merits of a case if it lacks jurisdiction; therefore, it must decide 12(b)(1) motions before any other dispositive motions. *See Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94–95 (1998); *Winn v. Schafer*, 499 F.Supp.2d 390, 394 (S.D.N.Y.2007) (citing cases); *Tratt v. Retrieval Masters Creditors Bureau, Inc.*, 00 Civ. 4560, 2001 WL 667602, at *2 (E.D.N.Y. May 23, 2001) (discussion of subject matter jurisdiction and motion for judgment of the pleadings). "A case is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it." *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000).

"In determining whether the federal courts have subject matter jurisdiction over a cause of action, a district court must look to the way the complaint is drawn to see if it claims a right to recover under the laws of the United States." *IUE AFL–CIO Pension Fund v. Herrmann*, 9 F.3d 1049, 1055 (2d Cir. 1993) (quoting

6

*Goldman v. Gallant Securities, Inc.*, 878 F.2d 71, 73 (2d Cir. 1989)). When deciding a jurisdictional motion, the court must accept as true all material factual allegations in the complaint and draw all reasonable inferences in favor of the plaintiff. *Natural Resources Defense Council v. Johnson*, 461 F.3d 164, 171 (2d Cir. 2006). In addition to the pleadings, a court may consider "'documents attached to the complaint as an exhibit or incorporated in it by reference, . . . matters of which judicial notice may be taken, or . . . documents either in plaintiffs' possession or of which plaintiffs had knowledge and relied on in bringing suit." *Villanueva v. City of New York*, No. 08 CIV. 8793 (LBS), 2010 WL 1654162, at *5 (S.D.N.Y. Apr. 14, 2010) (citing *Brass*, 987 F.2d 142, 150 (2d Cir. 1993)). The plaintiff has the burden of establishing by a preponderance of the evidence that subject matter jurisdiction exists. *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000).

### b. Fed. R. Civ. P. 12(b)(6)

When considering a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, a court must accept all factual allegations in the complaint as true and draw all reasonable inferences in favor of the plaintiff. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 547 (2007). The court's function on a motion to dismiss is "not to weigh the evidence that

might be presented at a trial but merely to determine whether the complaint itself is legally sufficient." *Goldman v. Belden*, 754 F.2d 1059, 1067 (2d Cir. 1985). To survive dismissal, the plaintiff must plead "factual allegations sufficient to raise a right to relief above the speculative level." *ATSI Commc'ns Inc. v. The Shaar Fund, Ltd.*, 493 F.3d 87, 98 (2d Cir. 2007) (internal quotation omitted). The plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 547. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to state a claim. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

"In reviewing a complaint, a court is not limited to the four corners of the complaint; a court may also consider 'documents attached to the complaint as an exhibit or incorporated in it by reference, . . . matters of which judicial notice may be taken, or . . . documents either in plaintiffs' possession or of which plaintiffs had knowledge and relied on in bringing suit." *Villanueva*, 2010 WL 1654162, at *5 (citing *Brass, Inc.*, 987 F.2d at 150); *Taylor v. Vt. Dep't of Educ.*, 313 F.3d 768, 776 (2d Cir. 2002). The court may review such documents even when the complaint does not explicitly refer to them. *Cortec. Indus., Inc. v. Sum Holding L.P.*, 949 F.2d 42, 47 (2d Cir. 1991). "As such, we consider the court orders and hearing transcripts from the underlying Family

8

Court proceedings in deciding this motion." *Villanueva*, 2010 WL
1654162, at *5.

## II.  Analysis

The court addresses in turn defendants' arguments in
support of the Motion.  For the reasons set forth below, the court
grants defendants' motion to dismiss the Amended Complaint.

### 1) Statute of Limitations

"The statute of limitations for claims brought under
Section 1983 is governed by state law," and the relevant
limitations period in New York is three years, pursuant to New
York's Civil Practice Law and Rules § 214.  *Shomo v. City of New
York*, 579 F.3d 176, 181 (2d Cir. 2009); *see also Ormiston v.
Nelson*, 117 F.3d 69, 71 (2d Cir. 1997).  Although state law governs
the applicable limitations period, federal law governs when a
federal claim accrues.  *See Wallace v. Kato*, 549 U.S. 384, 388,
127 S.Ct. 1091, 166 L.Ed.2d 973 (2007); *Covington v. City of New
York*, 171 F.3d 117, 121 (2d Cir. 1999).  Generally, under federal
law, a claim accrues and the statute of limitations begins to run,
"when the plaintiff knows or has reason to know of the injury"
that provides the grounds for the action.  *Pearl v. City of Long
Beach*, 296 F.3d 76, 79-80 (2d Cir. 2002).  In other words, "a claim
accrues when 'the plaintiff has a complete and present cause of
action,' that is, when 'the plaintiff can file suit and obtain

relief.'" *Allen v. Mattingly*, No. 10-CV-0667-SJF-ARL, 2011 WL 1261103, at *10 (E.D.N.Y. Mar. 29, 2011), *aff'd*, 478 F. App'x 712 (2d Cir. 2012) (quoting *Wallace*, 549 U.S. at 388, 127 S.Ct. at 1095).

Ms. Sevilla filed her complaint on June 14, 2015, *see* ECF No. 1, so any claims that accrued before June 14, 2012 are time barred. *See Shomo*, 579 F.3d at 181 (The statute of limitations for § 1983 claims brought in New York is three years.). Several of Ms. Sevilla's claims arise from the events occurring on October 7, 2011: the submission of the Article 10 Petition to the Family Court and the removal of the children from her custody. *See* Am. Compl., ECF No. 4 at 2 and Ex. D. to DeGori Decl., Order of Fact Finding dated 1/14/2013, ECF No. 28-4 at 2. The crucial inquiry, therefore, is whether the claims arising from these events accrued on October 7, 2011 or at some later date. Ms. Sevilla experienced her alleged injury, the removal of her children, on October 7, 2011. Courts have held, in similar situations, that the limitations period begins to run on the date the children were removed. *See*, *e.g.*, *Williams v. Savory*, 87 F.Supp.3d 437, 453-54 (S.D.N.Y. 2015) (finding that the statute of limitations began to run on the date the children were removed from the parent's custody); *Winkler v. Grant*, No. 07 Civ. 6280T (MAT), 2008 WL 1721758, at *3 (W.D.N.Y. Apr. 8, 2008) ("The three-year period

begins on the date on which the plaintiff knew or had reason to know of the injury allegedly suffered. In the instant case, plaintiff's cause of action for the unlawful removal of his children accrued on December 3, 2003, the date on which his children were taken. Because the removal of his children took place more than three years before plaintiff filed his Complaint, plaintiff's cause of action based on that claim is time barred.") (citation omitted), *aff'd in part, vacated in part on other grounds*, 370 Fed. App'x. 145 (2d Cir. 2010) (summary order). Accordingly, the court finds that claims arising from the removal of her children, and the allegedly false statements in the Article 10 Petition are time barred because the events occurred on October 7, 2011, more than three years before Ms. Sevilla filed the Complaint.

Ms. Sevilla appears to argue that the filing of a notice of claim "on or about December 2013" constitutes the commencement of an action for statute of limitations purposes, rendering her claims timely. Opposition to Defendants' Motion to Dismiss ("Opp. Br."), ECF No. 30 at 2. She is mistaken, however. "New York's notice of claim requirements are not applicable to section 1983 claims brought in federal court." *Souhaite v. Cnty. of Nassau*, No. 12-CV-2698 SJF AKT, 2013 WL 4495186, at *5 (E.D.N.Y. Aug. 19, 2013) (citation omitted); *see also Dingle v. City of New York*, 728

F.Supp.2d 332, 348 (S.D.N.Y. 2010) (same) (citing *Day v. Moscow*, 955 F.2d 807, 814 (2d Cir. 1992)). The filing of the notice of claim did not toll the applicable § 1983 statute of limitations. *Souhaite*, 2013 WL 4495186, at *5 (holding that the claims were time barred because the three-year 1983 statute of limitations had expired and the filing of a notice of claim within the limitations period did not constitute proper commencement of the action).[6]

### 2) Issue Preclusion

Ms. Sevilla's claims appear to challenge the Family Court's findings on the merits. Am. Compl., ECF No. 4 at 2-4. She alleges, among other things, that Ms. Perez made false statements when she testified[7] during the Family Court Proceedings.

---

[6] Ms. Sevilla does not explicitly rely on the continuing violation doctrine but the court, in liberally construing the Amended Complaint, will consider the possibility that plaintiff has attempted to alleged such a theory. "The continuing violation doctrine can be applied when the plaintiff's claim seeks redress for injuries resulting from a series of separate acts that collectively constitute one unlawful [act], but the doctrine cannot be applied when the plaintiff challenges conduct that is a discrete unlawful act.'" *Williams v. Savory*, 87 F.Supp.3d 437, 454 (S.D.N.Y. 2015) (citing *Shomo*, 579 F.3d at 181) (quotation marks omitted). Ms. Sevilla's claims do not support an application of the continuing violation doctrine because the Removal and the Article 10 Petition did not "flow from a series of continuing wrongs." *Savory*, 87 F.Supp.3d at 454. Ms. Sevilla knew, or should have known, of her injury on October 7, 2011 when the children were removed from her custody. Accordingly, as set forth above, any claims that accrued prior to June 14, 2012 are time-barred. *See Savory*, 87 F.Supp.3d at 454 (finding that continuing violation doctrine did not apply because the Removal of the children did not flow from a series of continuing wrongs, and therefore, the claims were time-barred because the events giving rise to the claims occurred more than three years before the complaint was filed).

[7] Ms. Sevilla also alleges that Ms. Perez submitted false statements "in the original motions sent to the Family Court." Am. Compl. at 2. The Article 10 Petition was filed in Family Court on October 7, 2011. *See* Ex. D to DeGori Decl., Order of Fact Finding, ECF No. 28-4 at 1. As discussed above, claims

*See* Am. Compl., ECF No. 4 at 2. Defendants, invoking the doctrine of issue preclusion, argue that Ms. Sevilla is barred from litigating any claims relating to Ms. Perez's testimony during the Family Court Proceedings. *See* Memorandum of Law in Support of Defendants' Motion to Dismiss ("Def. Br."), ECF No. 29 at 14-16. The court finds that issues relating to Ms. Perez's testimony were "actually" and "necessarily" litigated in the Family Court Proceedings, and that Ms. Sevilla had a full and fair opportunity to litigate these issues in the Family Court Proceedings. Consequently, any claims arising from Ms. Perez's testimony are precluded.

"Under collateral estoppel, once a court has decided an issue of fact or law necessary to its judgment, that decision may preclude relitigation of the issue in a suit on a different cause of action involving a party to the first case." *Allen v. McCurry*, 449 U.S. 90, 94, 101 S.Ct. 411, 66 L.Ed.2d 308 (1980). Further, federal courts must give preclusive effect to state court judgments. *See* 28 U.S.C. § 1738; *Cameron v. Fogarty*, 806 F.2d 380, 384 (2d Cir. 1986). "Under New York law, collateral estoppel or issue preclusion bars claims where '(1) the issue in question was actually and necessarily decided in a prior proceeding, and

---

that accrued prior to June 14, 2012, including those arising from statements in the Article 10 Petition, are time-barred.

(2) the party against whom the doctrine is asserted had a full and fair opportunity to litigate the issue in the first proceeding.'" *Velez v. Reynolds*, 325 F.Supp.2d 293, 305 (S.D.N.Y. 2004) (citing *Colon v. Coughlin*, 58 F.3d 865, 869 (2d Cir. 1995)); *see also Phifer v. City of New York*, 289 F.3d 49, 56 (2d Cir. 2002). An issue is "actually" and "necessarily" decided for collateral estoppel purposes "'if a different decision in the second suit would necessarily destroy or impair rights or interests established by the first.'" *Carvalho v. Stevens*, No. 12 CIV. 128 LTS FM, 2013 WL 3742532, at *4 (S.D.N.Y. July 17, 2013) (quoting *In re American Tobacco Co.*, 880 F.2d 1520, 1527 (2d Cir. 1989)). "The party asserting issue preclusion bears the burden of showing that the identical issue was previously decided, while the party against whom the doctrine is asserted bears the burden of showing the absence of a full and fair opportunity to litigate in the prior proceeding." *Colon*, 58 F.3 at 869.

Here, the Family Court found by a preponderance of the credible evidence that Ms. Sevilla punched child M and failed to provide adequate supervision as to children A and J. These factual findings were "necessary" to the Family Court's neglect determination. *See* Ex. D to DeGori Decl., Order of Fact Finding dated 1/14/2013, ECF No. 28-4 at 3. On appeal, the Appellate Division affirmed the Family Court's determination. *See* Ex. E to

14

DeGori Decl., Appellate Division's Decision, ECF No. 28-5 at 4. The Appellate Division noted the following facts found by the Family Court: the caseworker, Ms. Perez, saw wounds and scars on one of the younger children, J, then age 8. J told Ms. Perez that the wounds and scars were caused by his older siblings and that his mother punched him. *Id.* at 3. A, then age five, corroborated J's account of violence in the home. *Id.* A told Ms. Perez that the older siblings often fought with each other and with Ms. Sevilla, and that she and J were often left at home alone or with the older children who hit, slapped or choked them. *Id.* Further, the Appellate Division accorded "great deference" to the Family Court's credibility determinations, including those relating to Ms. Sevilla's denial of the neglect allegations. *Id.*

The Appellate Division affirmed the Family Court's determinations, including the Family Court's credibility finding related to Ms. Perez's testimony, that three of the children were neglected and two of the children were derivatively neglected. *See id.* at 3-4. The Appellate Division found that the out-of-court statements of two of the children to Ms. Perez were corroborated by Ms. Perez's own observations, the two children's cross-corroborating statements, confirmation of certain events by two of the older children and certain statements made by Ms. Sevilla. *Id.* at 3. Thus, issues raised by plaintiff's claims in

the instant action were properly, "actually and necessarily," considered by the Family Court.

As for the second prong of the inquiry, the court finds that Ms. Sevilla had a full and fair opportunity to litigate any issues relating to Ms. Perez's testimony during the Family Court Proceedings. Whether a party had a "full and fair opportunity" to litigate the issues depends on "the realities of the prior litigation including the context and other circumstances which . . . may have had the practical effect of discouraging or deterring a party from fully litigating the determination which is now asserted against him." *Carvalho*, 2013 WL 3742532, at *4 (citing *Ryan v. New York Tel. Co.*, 62 N.Y.2d 494, 501, 478 N.Y.S.2d 823, 467 N.E.2d 487 (N.Y. 1984)) (internal quotations omitted). "Specifically, courts look to the nature of the forum and the importance of the claim in the prior litigation, the incentive and initiative to litigate and the actual extent of litigation, the competence and expertise of counsel, the availability of new evidence, the differences in the applicable law and the foreseeability of future litigation." *Id.*

Ms. Sevilla had a full and fair opportunity to present her case, including the opportunity to be represented or have the assistance of a legal advisor, discredit Ms. Perez's testimony, and present rebuttal evidence as shown by Ms. Sevilla's own

testimony during the Family Court Proceedings. Ms. Sevilla has not alleged facts to the contrary. Although Ms. Sevilla chose to proceed *pro se* during the Family Court Proceedings, the Family Court permitted her to do so, with her agreement that her assigned counsel would remain as her legal advisor. That a party proceeds as a *pro se* litigant does not establish that the party did not receive a full and fair opportunity to present their case. *See e.g. Buford v. Coombe*, 199 F.3d 1321 (2d Cir. 1999) (finding that the party's *pro se* status was insufficient to establish that the "party did not have a 'full and fair opportunity' [to litigate the issues in question] for purposes of collateral estoppel"). Here, although Ms. Sevilla chose to proceed *pro se*, she was not without legal advice. *Cf. Buford*, 199 F.3d at 1321. Further, because Ms. Perez's testimony was important to the Family Court's determination, Ms. Sevilla was fully incentivized, and had the opportunity, to rebut or discredit Ms. Perez's testimony. Accordingly, the court finds that Ms. Sevilla has not carried her "burden of showing the absence of a full and fair opportunity to litigate in the prior proceeding." *Colon*, 58 F.3 at 869.

Ms. Sevilla, therefore, is precluded from re-litigating the Family Court's determinations, including the credibility and weight of Ms. Perez's testimony because factual and legal issues regarding the neglect were "actually" and "necessarily" litigated

in the Family Court. Plaintiff is also precluded from pursuing any legal claims that if successful, would require contrary factual findings than those of the Family Court, specifically, plaintiff's Fourth Amendment,[8] equal protection and substantive due process claims. *See Velez v. Reynolds*, 325 F.Supp.2d 293, 307 (S.D.N.Y. 2004) ("An attack on [caseworker's] testimony would thus attack the merits of the family court's decision" because the family court found the caseworker's testimony was credible and adopted it as the basis for finding neglect by the plaintiff.); *Storck v. Suffolk County Dep't of Social Servs.*, 62 F.Supp.2d 927, 938 (E.D.N.Y. 1999) (barring claims that the doctors' testimonies were false because those claims would, if proven, "lead to the inescapable conclusion that the family court ruling was 'wrong'"); *cf. Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1, 25, 107 S.Ct. 1519, 95 L.Ed.2d 1 (1987) (Marshall, J., concurring) ("[A] federal claim is inextricably intertwined with the state-court judgment if the federal claim succeeds only to the extent that the state court

_____

[8] The court construes the Amended Complaint to allege a Fourth Amendment violation based on defendants' removal of the children from plaintiff's custody. The factual underpinnings of a successful Fourth Amendment claim would require a finding that the Removal, and thus the "seizure" of the children, was improper. Such a ruling would require re-litigation of issues, and risk findings contrary to those already decided in the state court proceedings. See 28 U.S.C. § 1738; *Cameron v. Fogarty*, 806 F.2d 380, 384 (2d Cir. 1986) (Federal courts must give preclusive effect to state court judgments.). Moreover, the Fourth Amendment claim would have accrued more than three years prior to the filing of the Complaint on October 7, 2011 when the children were removed, and thus, would be time barred. *See Shomo*, 579 F.3d at 181.

18

wrongly decided the issues before it."). Thus, Ms. Sevilla fails to state plausible § 1983 claims arising from Ms. Perez's testimony during the Family Court Proceedings and they are precluded. *Carvalho*, 2013 WL 3742532, at *4 (finding that plaintiff was collaterally estopped from re-litigating the Family Court's credibility determination as to the caseworker and thus plaintiff could not plead facts that plausibly stated equal protection or substantive due process claims).

### 3) Sufficiency of Plaintiff's § 1983 Claims

The court next evaluates whether plaintiff's allegations that are not time barred or collaterally estopped state a § 1983 claim. The court finds that Ms. Sevilla has not alleged sufficient facts to state plausible equal protection or substantive due process claims.[9]

Parents "'have a constitutionally protected liberty interest in the care, custody and management of their children,' and family members have a fundamental right under the Fourteenth Amendment to remain together." *Shapiro v. Kronfeld*, No. 00 Civ. 6286(RWS), 2004 WL 2698889, at *12 (S.D.N.Y. Nov. 24, 2004) (quoting *Tenenbaum v. Williams*, 193 F.3d 581, 593 (2d Cir. 1999)).

---

[9] The court does not construe the Amended Complaint as alleging a procedural due process claim because the Amended Complaint is devoid of any allegations challenging the procedures that were available to Ms. Sevilla during the Family Proceedings. Nothing in the Amended Complaint suggests that the procedures used in the Family Court Proceedings were constitutionally deficient.

Although the State has a strong interest in protecting the welfare of children, due process protections, as well as other protections, must be afforded when the state interferes with family integrity. *Id.* "To state a claim under § 1983, a plaintiff must allege that (1) the challenged conduct was attributable at least in part to a person who was acting under color of state law and (2) the conduct deprived the plaintiff of a right guaranteed under the Constitution of the United States." *Snider v. Dylag*, 188 F.3d 51, 53 (2d Cir. 1999).

### i. Substantive Due Process

Plaintiff alleges that her substantive due process rights were violated because the Removal was "unlawful," the Article 10 Petition contained false statements and because Ms. Perez failed to appear at two scheduled court appearances. Am. Compl., ECF No. 4 at 2. To establish a violation of one's substantive due process rights "the interference with the plaintiff's protected right must be 'so shocking, arbitrary, and egregious that the Due Process Clause would not countenance it even were it accompanied by full procedural protection.'" *Southerland v. City of New York*, 680 F.3d 127, 151–52 (2d Cir. 2012) (quoting *Anthony v. City of N.Y.*, 339 F.3d 129, 142–43 (2d Cir. 2003)). "Only if a plaintiff can show that the government's request for removal or an order of protection was summarily

approved by the Family Court on the basis of false or greatly flawed ACS representations, or that the judicial proceeding was otherwise substantially tainted, will a court-ordered separation be found to infringe on a parent's substantive due process rights." *Ogunbayo*, 2012 WL 6621290, at *11 (citing *Graham v. City of New York*, No. 11 CV 5747, 2012 WL 2154257, at * 12 (E.D.N.Y. June 14, 2012)).

Ms. Sevilla is barred from challenging the Removal and the Article 10 Petition because the statute of limitations is expired. She is also precluded from re-litigating issues concerning the Family Court's determinations, including those relating to Ms. Perez's testimony, because a substantive due process challenge to an ACS removal turns on whether there was a "reasonable basis" for ACS's actions. Thus, the plaintiff's "claim could only succeed to the extent that the state court wrongly decided the issue" of whether the removal was justified. *See Phifer*, 289 F.3d at 60. As discussed, federal courts must give preclusive effect to state court judgments. *See* 28 U.S.C. § 1738; *Cameron*, 806 F.2d at 384. Therefore, adjudicating a substantive due process claim based on the Article 10 Petition, the Removal, or Ms. Perez's testimony would require a finding that the Family Court's determination was incorrect and would run afoul of this rule. *Id.*

The remaining allegations are insufficient to state a plausible substantive due process claim. Even if plaintiff's allegations were not time barred and collaterally estopped, the Amended Complaint does not allege facts suggesting that defendants' actions were so "shocking, arbitrary, and egregious" to offend Due Process. Ms. Sevilla makes conclusory allegations that ACS was "manipulative, biased [and] vindictive" and that ACS "used tactics to intimidate, threaten [and] coerce" her. *See* Am. Compl., ECF No. 4 at 3. Ms. Sevilla failed to plead specific facts showing how ACS was "manipulative, biased [and] vindictive;" nor did she provide specific facts as to the tactics ACS used to "intimidate, threaten and coerce" her.

Ms. Sevilla further claims that her substantive due process rights were violated when Ms. Perez, by missing two court appearances, delayed the Family Court Proceedings by six months. As an initial matter, the court finds that although Ms. Sevilla mistakenly alleges that Ms. Perez did not appear at two hearings in 2013, if Ms. Perez did miss any court dates, the missed court dates occurred in 2012 not in 2013, as established by the partial transcripts submitted with defendants' motion. *See* Ex. A to DeGori Decl., May 9, 2012 Transcript, ECF No. 28-1 at 2, 8. At the May 9, 2012 Hearing, the Family Court addressed Ms. Sevilla's legal representation and adjourned the fact finding proceedings to May

31, 2012 and June 28, 2012. *Id.* at 5-7. Ms. Perez appeared at a September 21, 2012 Family Court hearing. *See* Ex. B to DeGori Decl., Transcript of September 21, 2012 Family Court Hearing, ECF No. 28-2 at 4. The Family Court then made findings of fact at a hearing held on January 14, 2013. *See* Ex. C to DeGori Decl., Transcript of January 14, 2013 Family Court Hearing, ECF No. 28-3; *see also* Ex. D to DeGori Decl., Order of Fact Finding dated 1/14/2013, ECF No. 28-4. Therefore, any court dates that Ms. Perez allegedly missed must have occurred prior to the January 14, 2013 Family Court Hearing.[10]

Even accepting as true that the scheduled hearings were adjourned because Ms. Perez did not appear, these allegations are not sufficient to plausibly state a substantive due process violation. As shown by the transcript and as alleged by Ms. Sevilla, the hearings that Ms. Perez allegedly missed were

---

[10] Although at the motion to dismiss stage the court must accept plaintiff's allegations as true, the court is also permitted to consider documents referred to and incorporated in the complaint and matters of which judicial notice may be taken including "court orders and hearing transcripts from the underlying Family Court proceedings." *See Villanueva*, 2010 WL 1654162, at *5. Further, the Second Circuit has held that a defendant may introduce a document integral to the complaint when attacking the complaint at the motion to dismiss stage, and thus, a court may consider such documents. *See Cortec. Indus., Inc. v. Sum Holding L.P.*, 949 F.2d 42, 47 (2d Cir. 1991)("[W]hen a plaintiff chooses not to attach to the complaint or incorporate by reference a [document] upon which it solely relies and which is integral to the complaint, the defendant may produce the [document] when attacking the complaint for its failure to state a claim, because plaintiff should not so easily be allowed to escape the consequences of its own failure.") (citations omitted). Here, the proffered records from the Family Court Proceedings are integral to the allegations in the Amended Complaint and the court may properly consider them.

scheduled about a month apart, in May and in June 2012; any alleged delay would have only been a month long. Missing two court hearings and allegedly causing a one month delay is not "shocking, arbitrary, and egregious" and does not amount to "substantial irregularities" in the Family Court Proceedings. *Graham v. City of New York*, 869 F. Supp. 2d 337, 350, 354 (E.D.N.Y. 2012). Further, "[i]n the absence of any allegations of substantial irregularities in the Family Court proceeding, the intervening, independent judicial determination—[the Appellate Division's affirmance of the Family Court's ruling]—absolves the defendants of liability." *Id.* at 354. Accordingly, Ms. Sevilla has not stated a plausible substantive due process claim and it is dismissed.

### ii. Equal Protection

To the extent that the Amended Complaint can be construed as alleging an equal protection claim, it also must be dismissed. To state a selective prosecution equal protection claim, plaintiffs "have been required to show both (1) that they were treated differently from other similarly situated individuals, and (2) that such differential treatment was based on impermissible considerations such as race, religion, intent to inhibit or punish the exercise of constitutional rights, or malicious or bad faith intent to injure a person." *Mental Disability Law Clinic, Touro*

*Law Ctr. v. Hogan*, 519 F. App'x 714, 718 (2d Cir. 2013) (quoting *Cobb v. Pozzi*, 363 F.3d 89, 110 (2d Cir. 2004) (internal quotation marks omitted)).

Ms. Sevilla appears to allege that she was treated differently from other similarly situated parents because the defendants believed she was mentally ill. *See* Am. Compl., ECF No. 4 at 4. She has pled no facts showing that she experienced differential treatment. The record is clear, however, that the Family Court's neglect finding, and thus the Removal, were based on Ms. Perez's credible testimony regarding her observations and on statements made by the children and Ms. Sevilla. The record shows that ACS had a rational basis for the Removal.[11] Therefore, she has not stated a plausible equal protection claim.

Furthermore, as discussed above, Ms. Sevilla is precluded from re-litigating the Family Court's determinations, and her claims arising from the Article 10 Petition and the Removal are time-barred. Accordingly, Ms. Sevilla fails to allege sufficient facts to state a plausible claim that Ms. Perez and Ms.

---

[11] "Under class-of-one discrimination doctrine, when it appears that an individual is being singled out by the government, the specter of arbitrary classification is fairly raised, and the Equal Protection Clause requires a rational basis for the difference in treatment." *Touro Law Ctr.*, 519 F. App'x at 718 (quoting *Engquist v. Or. Dep't of Agric.*, 553 U.S. 591, 602, 128 S.Ct. 2146, 170 L.Ed.2d 975 (2008) (internal quotation marks omitted)). As discussed above, Ms. Sevilla has pled no facts showing differential treatment, and the record establishes that ACS had a rational basis for the Removal. Consequently, Ms. Sevilla also fails to state a claim under the class-of-one equal protection theory.

Ariza, on behalf of ACS, lacked a reasonable basis for the Removal. *See Carvalho*, 2013 WL 3742532, at *4 (finding that because party was precluded from re-litigating the Family Court's credibility and neglect findings, party could not "allege facts sufficient to plausibly claim that [the caseworker] lacked a reasonable basis to seek removal" of the child); *see also Graham*, 2012 WL 2154257, at * 12 ("[I]n the case of a child protective investigation, the existence of a reasonable basis for the filing of a Family Court petition is sufficient to demonstrate that the government action would have been taken even in the absence of some retaliatory motive.").

### 4) First, Sixth and Ninth Amendment Claims

Plaintiff also alleges violations of her rights under the First, Sixth and Ninth Amendments. *See* Am. Compl., ECF No. 4 at 2. The Amended Complaint is silent as to any facts regarding alleged violations of Ms. Sevilla's First Amendment rights. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to state a claim. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Accordingly, plaintiff's First Amendment Claim is dismissed.

Ms. Sevilla also claims that the alleged delay caused by Ms. Perez's failure to appear violated her Sixth Amendment right to a speedy trial. *See* Am. Compl., ECF No. 4 at 4. The Sixth

Amendment applies only to criminal proceedings. *See Dogget v. United States*, 505 U.S. 647, 651, 112 S.Ct. 2686, 2690 (1992). Proceedings brought pursuant to Article 10 of the Family Court Act are civil proceedings. *See Sundbye v. Ogunleye*, 3 F.Supp.2d 254, 260 n. 9 (E.D.N.Y. 1998) ("Under New York State law, 'a child abuse or neglect proceeding under article 10 of the Family Court Act is a civil proceeding for the protection of the child alleged to be abused or neglected.'") (quoting *People v. Smith*, 62 N.Y.2d 306, 476 N.Y.S.2d 797, 798, 465 N.E.2d 336 (1984)). Thus, Ms. Sevilla did not have a Sixth Amendment right to a speedy trial in the Article 10 Proceedings. Consequently, the Sixth Amendment claim is dismissed.

As for Ms. Sevilla's Ninth Amendment claim, it is uncontroverted that the Ninth Amendment does not independently confer any constitutional rights that may support a § 1983 claim. Accordingly, plaintiff's Ninth Amendment claim must also be dismissed. *Barnett v. Carberry*, 420 F. App'x 67, 69 (2d Cir. 2011) (holding that the Ninth Amendment does not provide "an independent source of individual rights; rather, it provides a rule of construction that we apply in certain cases") (citation omitted), *cert. denied*, 132 S.Ct. 248 (2011); *Bussey v. Phillips*, 419 F.Supp.2d 569, 586 (S.D.N.Y. 2006) ("[T]he Ninth Amendment refers

only to unenumerated rights, while claims under § 1983 must be premised on specific constitutional guarantees.").

## Conclusion

For the foregoing reasons, defendants' motion to dismiss the Amended Complaint is **GRANTED**. The Amended Complaint is dismissed in its entirety, with prejudice to the federal claims therein because the court finds that leave to amend would be futile. *Ruotolo v. City of New York*, 514 F.3d 184, 191 (2d Cir. 2008); *Mercado v. Quantum Servicing Corp.*, No. 15-CV-1500, 2015 WL 1969028, at *5 (E.D.N.Y. Apr.29, 2015). To the extent plaintiff alleges any state law claims, the court declines to exercise jurisdiction over these claims and therefore, these claims are dismissed without prejudice.

The court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Memorandum and Order would not be taken in good faith and, therefore, *in forma pauperis* status is denied for purposes of an appeal. *Coppedge v. United States*, 369 U.S. 438, 444-45, 82 S.Ct. 917, 8 L.Ed.2d 21 (1962). The Clerk of Court is respectfully requested to serve a copy of this Memorandum and Order on the *pro se* plaintiff and note service on this docket within three days of entering this Memorandum and Order. The Clerk of Court is further respectfully requested to enter judgment in

favor of defendants, to serve the *pro se* plaintiff with a copy of the judgment and the appeals packet, and to close this case.

**SO ORDERED.**

Dated:  September 26, 2016
        Brooklyn, New York

                                        _____/s/_____
                                        Hon. Kiyo A. Matsumoto
                                        United States District Judge